### HOGLE *v.* WAYNE CIRCUIT JUDGE.

APPEAL AND ERROR—STAY OF PROCEEDINGS—BOND—STATUTES.

 A bond to stay proceedings at law pending the settlement of case made and review in the Supreme Court must be for double the amount of the judgment (3 Comp. Laws, § 10,355), and no discretion is vested in the circuit court to permit the filing of a bond with a smaller penalty because of the prior filing of bonds in attachment and garnishment proceedings which would amply secure the plaintiff.

Mandamus by George Hogle to compel Alfred J. Murphy, circuit judge of Wayne county, to set aside an order staying proceedings in an action at law. Submitted November 16, 1909. (Calendar No. 23,638.) Writ granted April 1, 1910.

*E. E. Hymers* (*George A. Safford*, of counsel), for relator.

*H. E. Spalding*, for respondent.

OSTRANDER, J. While 3 Comp. Laws, § 10355, provides for a bond to stay proceedings, in such sum as the circuit judge before whom the cause was tried shall designate, it also provides that the bond shall be condi-

tioned to pay the judgment. Section 10358, 3 Comp. Laws, further provides that no other or further bond shall be required to stay and supersede execution upon any writ of error sued out in behalf of the party filing the bond. Comparing these provisions with 3 Comp. Laws, §§ 10485, 10486, it will be discovered that the bonds may perform the same office, are required to have the same conditions, and in both cases the sufficiency of the sureties "and the sum for which said bond shall be given" are to be determined by the circuit judge. But the purpose of the bond is to secure payment of the judgment. The penalty fixed in 3 Comp. Laws, § 10486, is "not less than double the amount of the judgment upon which the writ of error is brought."

Reading these statutes together, it must be held that the penalty, in either case, may not be less than double the amount of the judgment, and that the circuit judge has no discretion to accept and approve a bond with a smaller penalty.

The writ is granted.

HOOKER, MOORE, McALVAY, and STONE, JJ., concurred with OSTRANDER, J.

BLAIR, J. (*dissenting*). The relator recovered before the respondent a judgment for $1,206 damages and costs, afterwards taxed at $57.10. The suit was commenced by the relator by attachment of real estate, for the release of which a bond was given the sheriff in the sum of $1,200. There was also a garnishment discontinuance, which was effected by giving the statutory bond in the sum of $1,100 under section 10646, 3 Comp. Laws. Both of these bonds were conditioned for the payment of any judgment plaintiff might recover. After judgment, and before issue of the writ of error, the defendants applied for a stay of proceedings pending the settlement of the case made to review the judgment in the Supreme Court and the decision of the Supreme Court thereon, tendering a bond in the sum of $100, conditioned as required by section 10355

of the Compiled Laws.    The respondent granted the stay of proceedings asked, but required that the bond should be in the sum of $500, instead of $100, and this condition was complied with.

The sole question in the case is whether the circuit judge has, under section 10355, any discretion to accept a stay bond in less than double the amount of the judgment in a case where that judgment is already so secured that a smaller bond is ample to insure its payment.    Section 10355 *et seq.*, 3 Comp. Laws, was intended to invest the circuit judge with discretion as to the penalty of the bond. These sections were adopted at a later date than section 10484 *et seq.*, relating to writs of error.    The fact that the legislature did not insert the provision of section 10486 relative to the amount of the penalty of the bond, but did incorporate into section 10358 the provisions of section 10485 as to the amount of the penalty of the bond in proceedings under chapter 123, Rev. Stat. 1846, is significant of the legislative intent to leave the amount of the penalty of the bond in other cases to the discretion of the circuit judge.

The writ should be denied, with costs.

BROOKE, J., concurred with BLAIR, J.